UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10060-CV-KING
MAGISTRATE JUDGE REID

ERIC LEE KINCAID,

       Plaintiff,

v.

MONROE COUNTY DETENTION
CENTER, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I.   Introduction

This matter is before the Court on Plaintiff's *pro se* Complaint filed pursuant to 42 U.S.C. § 1983. [ECF No. 1]. This cause has been referred to the Undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Plaintiff, **Eric Kincaid**, is a pretrial detainee at Monroe County Detention Center and is proceeding *in forma pauperis* in this matter. Accordingly, his Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A before it may proceed further. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007).

In the Complaint, Plaintiff alleges that his constitutional rights were violated by an unnamed individual because the amount of food provided to him is insufficient. [ECF No. 1 at 2].

### II.   Facts Alleged

Plaintiff's sole claim is that the food provided at the Monroe Detention Center is inadequate to meet his daily subsistence requirements. [*Id.*]. The food amount is "poorley [sic] put on the

trays." [*Id.*]. He claims that he only gets one or two spoons of meat and ten or eleven carrots and apples and sometimes gets no rice or noodles. [*Id.*]. The "BGI soft" tray does not have enough to support Plaintiff's calorie intake. [*Id.*].

### III. Discussion

#### A.  Standard for Evaluation of Claim

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standards govern dismissal under Fed. R. Civ. P. 12(b)(6) and under § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.' *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555.). Under § 1915(e)(2)(B)(ii), courts

must dismiss as frivolous claims that are "based on indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

**B.  Claim of Inadequate Food**

Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Due Process Clause requires states to provide pretrial detainees with some minimal level of necessities associated with detention (e.g. food, living space, and medical care). *See Hamm v. DeKalb Cnty.*, 774 F. 2d 1567, 1573 (11th Cir. 1985). The Eleventh Circuit has explained, however, that "the level at which states provide pretrial detainees with **basic necessities**—in addition to being 'reasonably related to a legitimate governmental objective'— **must meet the standards applied under the eighth amendment prohibition on cruel and unusual punishment**[.]" *Id.*

The constitutional guarantee against cruel and unusual punishment prohibits punishments that "shock the conscience, involve unnecessary and wanton infliction of pain, offend evolving notions of decency or are grossly disproportionate to the offense for which they are imposed." *Hamm*, 774 F.2d at 1571 (citations omitted); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (explaining conditions of penal confinement "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment"). Whether conditions of confinement are cruel and unusual are measured "'from the evolving standards of decency that mark the progress of a maturing society.'" *Rhodes*, 452 U.S. at 346 (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)).

Put broadly, a plaintiff raising a claim of cruel and unusual punishment under Section 1983 must establish: (1) a condition of confinement that inflicted unnecessary pain or suffering; (2) a

defendant's deliberate indifference to that condition; and (3) causation. *See LaMarca v. Turner*, 995 F. 2d 1526, 1535 (11th Cir. 1993) (citations omitted). With respect to the conditions of confinement element, the Constitution does not "purport to regulate the general conditions and quality of life in the county's jails." *Hamm,* 774 F.2d at 1573. With regard to the diet of those in confinement, the Constitution only requires that prisoners be provided "reasonably adequate food." *Id. at* 1575 (quoting *Jones v. Diamond*, 636 F. 2d 1364, 1378 (5th Cir. 1981)). "Reasonably adequate food" consists of "a well-balanced meal, containing sufficient nutritional value to preserve health." *Id.*

As to the second element of deliberate indifference, it typically involves a two-prong assessment. First, there must have been, objectively, a "sufficiently serious" deprivation. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *see also Farmer*, 511 U.S. at 834. Second, there must have been, subjectively, on the part of the named defendant, a state of mind which constituted deliberate indifference. For the first prong, the challenged condition must be "extreme," *Hudson*, 503 U.S. at 9, and the inmate must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). For the second prong, the inmate must show that the defendant knew of and disregarded an excessive risk to inmate health or safety, which requires that the official must both have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that the official must have drawn the inference. *Farmer*, 511 U.S. at 837.

These principles are consistent with the axiom that the Constitution is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Thus, to be cruel or unusual, an official's

4

conduct must "involve more than ordinary lack of due care for the prisoner's interests and safety[,] as only "obduracy and wantonness" will do. *Whitley v. Albers*, 475 U.S. 312, 318 (1986).

Finally, as to the element of causation, it is typically satisfied by showing a link between the constitutional violation and the injury endured. *See Goebert v. Lee Cnty.*, 510 F. 3d 1312, 1327 (11th Cir. 2007). In other words, the unconstitutional act must be a proximate cause of the injuries. *See LaMarca*, 995 F. 2d at 1538-39.

Here Plaintiff's minimal allegations are insufficient to state a constitutional claim for relief. He alleges in a conclusory manner that that food is put on the tray poorly and that he only gets one or two spoons of meat along with carrots or apples. He sometimes does not get rice or noodles as provided in a "BGI soft" tray. He claims, with no explanation, the he does not get enough food to "support [his] calorie intake. [ECF No. 1 at 2]. His minimal allegations are insufficient to present a *prima facie* claim that the Monroe County Detention Center is not providing reasonably adequate food. In the absence of sufficient allegations, Plaintiff has failed to state a claim of a Fourteenth Amendment violation.

## IV. Conclusion

Since Plaintiff's claim for relief is not sufficient to proceed under § 1983, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 14th day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:     **Eric Lee Kincaid**
        19019539
        Monroe County Jail
        Inmate Mail/Parcels
        5501 College Road
        Key West, FL 33040
        *PRO SE*

6